MEMORANDUM *
1. We reverse the district court’s summary judgment for defendants on McBur-nie’s First Amendment retaliation claim. “[T]he determination whether the speech in question was spoken as a public employee or a private citizen presents a mixed question of fact and law.” Posey v. Lake Pend Oreille Sch. Dist. No. 8b, 546 F.3d 1121, 1129 (9th Cir.2008). “[T]he scope and content of a plaintiffs job responsibilities can and should be found by a trier of fact....” Id. Viewing the evidence at the time of summary judgment in the light most favorable to McBurnie as the non-moving party, he raised a genuine and material dispute over whether his speech, and in particular, his communications with the Arizona Department of Occupational Safety and Health, were beyond the scope of his regular job duties.[1] Although we remand for further proceedings on this claim, we do so without prejudice as to whether defendants may file a renewed motion for summary judgment on the basis of the evidentiary record presented at trial.
2. The district court did not err in giving the jury a “but-for” causation instruction on McBurnie’s FLSA retaliation claim. See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009).[2]
*625 3.The district court erred in limiting the scope of McBurnie’s FLSA retaliation claim as a matter of law and instructing the jury that it could only consider whether McBurnie’s discharge was retaliatory. An action taken by an employer is retaliatory if “a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a” FLSA complaint. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (internal quotation marks omitted) (construing Title VII anti-retaliation provision, which is substantially identical to FLSA anti-retaliation provision).
The district court concluded as a matter of law that all of the actions taken against McBurnie, short of his discharge, were too trivial to meet the material adversity standard. But from the evidence presented at trial, a reasonable jury could have concluded otherwise. McBurnie presented evidence of a department-wide email singling him out for his complaints about the overtime policy; heckling; ostracism; rescheduling and reassignment of job duties; loss of seniority for purposes of requesting vacation time; and surveillance by supervisors. Whether these actions occurred, whether they were retaliatory, and whether they were materially adverse under the particular circumstances of McBurnie’s employment situation should be decided by a trier of fact. “[T]he significance of any given act of retaliation will often depend upon the particular circumstances,” and an action that would be trivial in one employment context may be materially adverse in another. Id. at 69,126 S.Ct. 2405.
4. We affirm the district court’s judgment as a matter of law for defendants on McBurnie’s Arizona state law claim of intentional interference with contract. Under Arizona law, “[defendants who are acting within the scope of their authority, for the benefit of their employer, are the employer and cannot interfere with their own contract.” Spratt v. N. Auto. Corp., 958 F.Supp. 456, 464 (D.Ariz.1996) (citations omitted). The evidence at trial showed that defendants were acting within the scope of their authority when they terminated MeBurnie’s employment.
5. We affirm the district court’s judgment as a matter of law for defendants on McBurnie’s Arizona state law wrongful discharge claims. First, Arizona no longer recognizes a common law tort of wrongful discharge. See Powell v. Washburn, 211 Ariz. 553, 125 P.3d 373, 380 (2006) (en banc) (recognizing supersession by statute of Wagenseller v. Scottsdale Mem’l Hosp., 147 Ariz. 370, 710 P.2d 1025 (1985) (en banc)); see also Chaboya v. Am. Nat’l Red Cross, 72 F.Supp.2d 1081, 1092 (D.Ariz. 1999) (noting that “the Arizona Employment Protection Act, A.R.S. § 23-1501 et seq., overruled Wagenseller and limited the grounds under which an employee could claim wrongful discharge”). Second, McBurnie did not establish a predicate for statutory wrongful discharge under Arizona Revised Statutes § 23-1501. McBur-nie alleged that he was terminated in violation of the Arizona Constitution. While Arizona’s wrongful discharge statute bars termination “in violation of a statute of [Arizona],” A.R.S. § 23-1501(3)(b), or “in *626 retaliation for ... [t]he refusal by [an] employee to commit an act or omission that would violate the Constitution of Arizona,” id. § 23 — 1501(3)(c), it does not bar termination in violation of the Arizona Constitution.
6. We reverse the district court’s judgment as a matter of law on McBurnie’s Arizona state law negligent infliction of emotional distress claim (“NIED”). Under Arizona law, lasting mental or emotional disturbances may establish NIED. Hams v. Maricopa Cnty. Sup. CL, 631 F.3d 963, 978 (9th Cir.2011). NIED may lie in the employment context. See Loos v. Lowe’s HIW, Inc., 796 F.Supp.2d 1013, 1020 (D.Ariz.2011).
Viewing the evidence in the light most favorable to McBurnie and drawing all reasonable inferences in his favor, see Martin v. Cal. Dep’t of Veterans Affairs, 560 F.3d 1042, 1046 (9th Cir.2009), we conclude that a reasonable jury could have found that McBurnie suffered lasting emotional disturbances as a result of defendants’ actions. McBurnie testified that he experienced difficulty eating, sleeplessness, anxiety, panic attacks, and headaches for the 18 months leading up to his termination and after his termination. His wife testified that he became depressed and withdrawn after his termination, sought some psychological treatment, and had panic attacks two to three times a month. Whether defendants were negligent in causing these disturbances, so as to establish NIED under Arizona law, should be decided by the trier of fact.
7. We reverse the grant of attorney’s fees for work on an informal settlement of McBurnie’s FLSA claim, which was never filed in court. When a plaintiff brings a FLSA action in court, “[t]he court in such action shall ... allow a reasonable attorney’s fee to be paid by the defendant, and costs of the action.” 29 U.S.C. § 216(b) (emphasis added). But “[n]o separate action is maintainable under [FLSA] for the collection of attorney’s fees.” Rural Fire Prot. Co. v. Hepp, 366 F.2d 355, 362 (9th Cir.1966).
In sum, we affirm in part, reverse in part, and remand for further proceedings on McBurnie’s First Amendment retaliation claim, FLSA retaliation claim, and Arizona state law NIED claim.
The parties shall bear their own costs on appeal.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. We have observed that "the right to complain ... to an independent state agency is guaranteed to any citizen in a democratic society regardless of his status as a public employee,” and the employee does not lose that right "simply because [he] initiated the communications while at work or because they concerned the subject matter of [his] employment.” Freitag v. Ayers, 468 F.3d 528, 545 (9th Cir.2006).

. Our earlier cases are not to the contrary. In Lambert v. Ackerley, 180 F.3d 997 (9th Cir. 1999) (en banc), the district court had *625 given a "substantial motivating factor” FLSA retaliation jury instruction, but Lambert neither approves nor disapproves of that instruction, because it holds that retaliation was the but-for cause of plaintiffs' termination on the record. See id. at 1008-10. Knickerbocker v. City of Stockton, 81 F.3d 907, 911 (9th Cir. 1996), enunciated a dual motive standard, but then held that FLSA retaliation plaintiffs must show that “the adverse actions would not have been taken 'but for’ the protected activities.”